UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE GENESIS MARINE, LLC**  **CIVIL ACTION**

**NO. 24-2881**

**SECTION: "G"(2)**

### ORDER AND REASONS

Before the Court are two motions filed by Limitation Petitioner Genesis Marine, LLC ("Genesis"): (1) a Motion to Stay Proceedings Pending Appeal[1] and (2) a Motion for Contempt for Violation of Monition Order.[2] Genesis filed a Complaint for Exoneration from or Limitation of Liability (the "limitation action") in this Court on December 13, 2024.[3] On February 14, 2025, Brandon Darrow ("Darrow") filed an Answer and Claim in Limitation.[4] No other claimants have asserted claims in this matter. However, Darrow and Genesis are not the only parties in this action because Genesis also filed a Third-Party Complaint against Petroleum Fuel and Terminal Company ("PF&T").[5]

On March 27, 2025, this Court granted Darrow's motion for summary judgment, finding that the undisputed evidence in the record demonstrated Genesis's limitation action was not

---

[1] Rec. Doc. 44.

[2] Rec. Doc. 46.

[3] Rec. Doc. 1.

[4] Rec. Doc. 6.

[5] Rec. Doc. 10.

1

timely filed.[6] This Court did not issue a final judgment because, as noted above, there is also a Third-Party Complaint pending in this matter. Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

After entry of the Order granting summary judgment in favor of Darrow, no party requested entry of a Rule 54(b) partial judgment. In limited instances, district courts have found it proper to issue Rule 54(b) judgments *sua sponte*.[7] However, it is the common practice of this Court to only enter a Rule 54(b) judgment upon motion of a party, as the parties control whether they will seek reconsideration, seek dismissal of any remaining claims, or seek entry of a Rule 54(b) partial judgment. Instead of requesting entry of a Rule 54(b) partial judgment, Genesis immediately filed a notice of appeal.[8]

Genesis now moves the Court to issue an order staying all claims pending appeal.[9] Genesis suggests that all claims should be stayed because if the appeal is successful, then Darrow will be required to prosecute his own claim in this action, and all claims can then be adjudicated once

---

[6] Rec. Doc. 36.

[7] *See Morales v. Anco Insulations Inc.*, No. 20-996, 2022 WL 2867094, at *2 (E.D. La. July 21, 2022); *Phillips v. Whittington*, No. 17-1524, 2020 WL 9311950, at *3 (W.D. La. Nov. 30, 2020) (sua sponte issuing a Rule 54(b) judgment).

[8] Rec. Doc. 39.

[9] Rec. Doc. 44.

without any repetitive discovery or other activity.[10] Conversely, if Genesis's appeal is not successful, Genesis argues requiring it to prosecute its claim against PF&T during the pendency of the appeal would waste party and judicial resources because presumably the Court will then dismiss this entire limitation action (including Genesis's third-party claim against PF&T), and all such claims will be adjudicated in state court.[11]

Genesis cites cases discussing the standard for stay of a *judgment* or order pending appeal.[12] Here, Genesis is not moving the Court to stay an Order or judgment. Instead, Genesis moves the Court to stay the limitation action and the third-party claims pending appeal. The Court has the inherent authority to manage its docket, which includes the power to stay proceedings.[13] The limitation claims between Darrow and Genesis are already effectively stayed pending appeal.

PF&T opposes the request for a stay.[14] It argues that the third-party claims should be allowed to proceed pending appeal because Darrow and Genesis have already litigated this matter for years in state court, where PF&T was not a party.[15] PF&T suggests that it should be allowed to "catch up" on discovery during the pendency of Genesis's appeal and file dispositive motions, if appropriate.[16]

---

[10] Rec. Doc. 44-1 at 3.

[11] *Id.* Darrow opposes the motion to stay pending appeal, arguing he should be allowed to litigate in state court while the appeal is pending. Rec. Doc. 51. Darrow does not respond to the argument regarding a stay of this proceeding.

[12] Rec. Doc. 44-1 at 3–4 (citing *Cook v. Marshall*, No. 17-5368, 2019 WL 2437071, at *1 (E.D. La. June 10, 2019) (stay of a judgment); *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992) (stay of injunction orders); Rec. Doc. 56 at 3–4 (citing *Plaquemines Par. v. Riverwood Prod. Co.*, No. 18-5217, 2022 WL 843118, at *3 (E.D. La. Mar. 22, 2022) (stay of remand order).

[13] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[14] Rec. Doc. 52.

[15] *Id.*

[16] *Id.*

Genesis has brought PF&T into this litigation through a third-party complaint, and PF&T suggests that it should be allowed to conduct limited discovery and file dispositive motions as to the third-party demand. The third-party complaint seeks contribution and indemnity from PF&T for its alleged portion of comparative fault for the injuries allegedly sustained by Darrow.[17] This Court has dismissed the limitation claim, and that ruling is currently on appeal. Therefore, it would be a waste of judicial resources to adjudicate the third-party claims at this point. If Genesis is successful on appeal, Darrow will be required to prosecute his own claim in this action, and all claims can then be adjudicated once without any repetitive discovery or other activity. Conversely, if Genesis's appeal is not successful, all claims will be adjudicated in state court. Accordingly, the Court exercises its discretion to stay this entire action pending appeal.

Genesis also moves the Court to hold Darrow in contempt for violation of the Monition Order, which restrained prosecution of any claims outside of this limitation action, including Darrow's previously filed state court action.[18] Genesis argues that Darrow has violated the Monition Order by filing two motions in his state court action—one for an expedited status conference to select a new trial date and one to reset a hearing for pre-trial motions.[19] In opposition, Darrow argues that these actions were not in violation of the Monition Order because this Court dismissed the limitation action when it granted Darrow's motion for summary

---

[17] At least three district courts in this Circuit have found that Rule 14(c) was properly invoked where a limitation plaintiff in a maritime suit sought to implead a third-party defendant for contribution and indemnity. *In re Texas Petroleum Inv. Co.*, No. 24-2344, 2025 WL 1282686, at *3 (E.D. La. May 1, 2025) (Vitter, J.); *In re Teon Maria, LLC*, No. 12-1315, 2013 WL 12231273, at *4 (E.D. La. June 10, 2013) (Roby, M.J.); *In re Katrina Dredging Limitation Actions Consolidated Litigation*, No. 06-8676, 2008 WL 3876461, at *2 (E.D. La. Aug. 20, 2008) (Duval, J.) (citation omitted) (noting "[t]he petitioner in proceedings for limitation of liability pursuant to the limitation statute may implead third parties").

[18] Rec. Doc. 46.

[19] Rec. Doc. 46-1 at 4.

judgment.[20] As discussed above, a final judgment has not been issued in this matter because all claims were not resolved in the Order on the motion for summary judgment and no party has requested a partial judgment under Rule 54(b). To further complicate matters, Genesis has already filed a notice of appeal. "If there is an appealable order, the appeal divests the district court of jurisdiction 'over those aspects of the case on appeal.'"[21] It is not clear that this Court has jurisdiction to hold Darrow in contempt, as the limitation claims are on appeal. Given the procedural conundrums created by the parties in this case, the Court declines to hold Darrow in contempt.

Accordingly,

**IT IS HEREBY ORDERED** that Genesis Marine, LLC's Motion to Stay Proceedings Pending Appeal[22] is **GRANTED.** The above captioned action is **STAYED** and **ADMINISTRATIVELY CLOSED** pending appeal.

**IT IS FURTHER ORDERED** that the Motion for Contempt for Violation of Monition Order[23] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 14th day of May, 2025.

                                                      **NANNETTE JOLIVETTE BROWN**
                                                      **CHIEF JUDGE**
                                                      **UNITED STATES DISTRICT COURT**

---

[20] Rec. Doc. 49.

[21] *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 533 (5th Cir. 2024)

[22] Rec. Doc. 44.

[23] Rec. Doc. 46.