**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE GENESIS MARINE, LLC** | **CIVIL ACTION** |
| | **NO. 24-2881** |
| | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Limitation Petitioner Genesis Marine, LLC's ("Genesis") Motion to Reopen Case and Dismiss Third-Party Complaint Against Petroleum Fuel and Terminal Company.[1] Genesis moves the Court to "reopen the case for the limited purpose of voluntarily dismissing its third-party complaint against Petroleum Fuel and Terminal Company ("PF&T") pursuant to Federal Rule of Civil Procedure 41(a)(2)."[2] PF&T opposes the motion.[3] Considering the motion, the memoranda in support and opposition, the applicable law, and the record, this Court grants the motion and reopens the case for the limited purpose of dismissing the Third-Party Complaint against PF&T without prejudice.

## I. Background

On December 23, 2020, Brandon Darrow ("Darrow") was allegedly injured while working aboard a vessel owned by Genesis, the M/V Anaconda.[4] Darrow filed a case against Genesis in Louisiana state court on December 23, 2021.[5] Genesis filed a Complaint for

---

[1] Rec. Doc. 59.

[2] *Id.* at 1.

[3] Rec. Doc. 62.

[4] *See* Rec. Doc. 10.

[5] *Id.*

1

Exoneration from or Limitation of Liability (the "Limitation Complaint" or the "Limitation Action") in this Court on December 13, 2024.[6] On December 17, 2024, Genesis also filed a Third-Party Complaint against PF&T.[7] On December 17, 2024, this Court entered an Order approving Genesis's Security and Ad Interim Stipulation and directing issuance of Notice to Claimants and Restraining Prosecution of Claims, which resulted in a stay of the state court case filed by Darrow.[8]

On February 14, 2025, Darrow filed an Answer and Claim in Limitation.[9] On February 18, 2025, Darrow filed a Motion for Summary Judgment on the timeliness of the Limitation Complaint.[10] On March 27, 2025, the Court granted the Motion for Summary Judgment, holding that the Limitation Complaint was not timely filed.[11] The Court's order did not rule on the third-party claims brought against PF&T because at that time PF&T had not even appeared in this litigation. On April 2, 2025, PF&T filed an Answer to the Third-Party Complaint.[12]

On April 3, 2026, Genesis filed a Notice of Appeal regarding this Court's Order granting summary judgment.[13] On May 14, 2025, the Court stayed and administratively closed this case pending appeal.[14] On January 16, 2026, the Fifth Circuit Court of Appeals affirmed this Court's

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 6.

[8] Rec. Doc. 7.

[9] Rec. Doc. 10.

[10] Rec. Doc. 11.

[11] Rec. Doc. 36.

[12] Rec. Doc. 38.

[13] Rec. Doc. 39.

[14] Rec. Doc. 57.

Order granting summary judgment.[15] A judgment was issued as mandate by the Fifth Circuit on February 6, 2026.[16]

On March 16, 2026, Genesis filed the instant Motion to Reopen Case and Dismiss Third-Party Complaint Against Petroleum Fuel and Terminal Company.[17]On March 25, 2026, PF&T filed an opposition to the motion.[18] On March 31, 2026, Genesis filed a reply brief in further support of the motion.[19] PF&T has also filed a Motion for Summary Judgment on the Third-Party Complaint, which is not set for submission until April 15, 2026.[20] Genesis has also filed a Motion to Continue the submission date on the Motion for Summary Judgment so that it does not have to respond to the Motion for Summary Judgment until after the Court rules on the Motion to Reopen the Case.[21]

## II. Parties' Arguments

### A.      *Genesis's Arguments in Support of the Motion*

Genesis moves the Court to reopen this case for the limited purpose of allowing Genesis to voluntarily dismiss the Third-Party Complaint against PF&T without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).[22] Genesis asserts that the dismissal will not prejudice PF&T because: (1) PF&T has expended no resources litigating the Third-Party Complaint due to

---

[15] Rec. Doc. 58.

[16] Rec. Doc. 58.

[17] Rec. Doc. 59.

[18] Rec. Doc. 62.

[19] Rec. Doc. 68.

[20] Rec. Doc. 60.

[21] Rec. Doc. 63.

[22] Rec. Doc. 59-1 at 1.

the stay and administrative closure entered on May 14, 2025 pending Genesis's appeal to the Fifth Circuit; and (2) Genesis promptly seeks dismissal following the Fifth Circuit's resolution of the appeal.[23] Further, Genesis contends that it is acting in good faith, and does not seek dismissal to avoid an adverse ruling or to gain an improper tactical advantage.[24] Moreover, Genesis points out that the Court noted in its previous Order that "if Genesis's appeal is not successful, all claims will be adjudicated in the state court proceedings which had been stayed following this Court's monition order."[25] Thus, Genesis avers that the dismissal it seeks promotes judicial economy and consistent adjudication, because the state court is the appropriate forum for resolving the parties' remaining claims.[26]

### B.    PF&T's Arguments in Opposition to the Motion

In opposition, PF&T asserts that the Court should deny the instant motion, because Genesis "cannot meet its burden under Federal Rule of Civil Procedure 41(a)(2) to show that a dismissal would not prejudice PF&T."[27] PF&T contends that Genesis seeks to "push PF&T out of the forum Genesis Marine chose to implead it into, and drag it into a state court suit in which pleadings and discovery are closed, expert disclosures are complete, and trial is imminent."[28] PF&T submits that if allowed, Genesis's tactics will severely prejudice PF&T, without achieving the promised judicial efficiency.[29]

---

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.* at 3.

[26] *Id.* at 4.

[27] Rec. Doc. 62 at 1.

[28] *Id.*

[29] *Id.*

Specifically, PF&T posits that Genesis will either implead PF&T into the pending state court action, "creating a conflict between Darrow's right to his day in court and PF&T's right to conduct reasonable discovery," or sue PF&T separately, "leaving PF&T with the options of either seeking consolidation (with the resulting prejudices just outlined); or removing the suit back to this Honorable Court, and watching from the sideline as Darrow tries his case in State Court and proves up damages that [Genesis] claims PF&T is liable for."[30] PF&T asserts that this Court is in the sole position to avoid any of those unfair outcomes by ruling on the Motion for Summary Judgment filed by PF&T, which is pending before this Court.[31] PF&T contends that Genesis's claim against PF&T "lacks any shred of evidentiary support and should be dismissed on summary judgment."[32] Therefore, PF&T argues that granting the instant Rule 41 motion would prejudice it, because the instant motion is merely an attempt by Genesis to avoid an adverse ruling on the pending Motion for Summary Judgment.[33]

## C. Genesis's Arguments in Further Support of the Motion

Genesis asserts that this Court and the Fifth Circuit already determined that this limitation action cannot proceed in federal court.[34] Therefore, Genesis contends that the proper procedural course is to reopen this administratively closed matter for the limited purpose of dismissing its Third-Party Complaint against PF&T, so the parties can "pursue all disputes in the forum this Court already recognized would be appropriate—state court."[35]

---

[30] Id. at 8.

[31] Id.

[32] Id. at 9.

[33] Id.

[34] Rec. Doc. 66 at 1.

[35] Id.

Genesis avers that PF&T cannot show prejudice, instead identifying only, "(a) strategic preferences about where and when it wants merits adjudication, and (b) speculative predictions about how state court scheduling and discovery might unfold if Genesis later asserts contribution and indemnity there."[36] Genesis asserts that those are not cognizable "plain legal prejudice" grounds under Rule 41(a)(2), "particularly where, as here, no discovery has occurred in the federal case, the dispute was stayed and administratively closed at the pleading stage, and the limitation action was dismissed without reaching the merits."[37] Genesis contends that PF&T's opposition "tries to bootstrap 'prejudice' from the posture of the separate state court case between Claimant Brandon Darrow and Genesis."[38] Further, Genesis submits that the "relevant Rule 41 inquiry should focus on what has happened in this federal action as between Genesis and PF&T."[39]

Moreover, Genesis asserts that PF&T's "state court prejudice" arguments are speculative and do not amount to legal prejudice under Rule 41.[40] Genesis submits that the state court trial date has not been set yet, and that PF&T is not even a party to the state court suit at this time.[41] Thus, Genesis contends that any question about adding PF&T and adjusting deadlines in the current "state-court case (or perhaps consolidating a separate suit against PF&T in state court) is a matter for the state court's case-management discretion, not a reason for this Court to retain jurisdiction over a claim in an action that has otherwise been dismissed on non-merits grounds."[42]

---

[36] *Id.*

[37] *Id.* at 1–2.

[38] *Id.* at 2.

[39] *Id.*

[40] *Id.* at 4.

[41] *Id.*

[42] *Id.* at 4–5.

### III. Legal Standard

Federal Rule of Civil Procedure 41(a)(2) provides that after an answer has been served "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision to grant or deny a motion to dismiss pursuant to Rule 41(a)(2) "is within the sound discretion of the trial court."[43] "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[44] Further, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[45] As the Fifth Circuit has explained a defendant may suffer plain legal prejudice from a plaintiff's voluntary dismissal without prejudice if any of the following factors are present: (1) the plaintiff seeks dismissal after an adverse ruling or to circumvent an expected adverse result; (2) the case has proceeded far in the litigation; or (3) dismissal would strip the defendant of an otherwise available defense.[46] The mere fact that a plaintiff "may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal."[47]

### IV. Analysis

Genesis moves the Court to "reopen the case for the limited purpose of voluntarily dismissing its third-party complaint against [PF&T] pursuant to Federal Rule of Civil Procedure

---

[43] Charles A. Wright, Arthur R. Miller *et al.,* 9 Federal Practice & Procedure § 2364 (3d ed. 2014).

[44] *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. App'x 76, 78 (5th Cir. 2010) (quoting *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (internal quotation omitted)).

[45] *Elbaor*, 279 F.3d at 317 (internal citations omitted).

[46] *Lester v. Exxon Mobil Corp.*, 383 F. Supp. 3d 618, 626 (E.D. La. 2019) (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

[47] *Id.* (quoting *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990)).

41(a)(2)."[48] PF&T opposes the instant motion, arguing that it will be severely prejudiced, and that judicial efficiency will not be served if the Court grants the instant motion. Specifically, PF&T argues that it will be severely prejudiced if the instant motion is granted because it may be impleaded in the underlying state court litigation or sued separately by Genesis in a new action. However, this argument has no merit because the Fifth Circuit has recognized that "[a] motion for voluntary dismissal should be granted 'unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'"[49]

PF&T also asserts that the instant motion is merely an attempt by Genesis to avoid an adverse ruling on the pending Motion for Summary Judgment that PF&T filed in this matter. However, PF&T filed the Motion for Summary Judgment after the instant motion was filed. Further, no discovery has occurred between the parties in relation to the third-party claims, thus the pending Motion for Summary Judgment is likely premature.

Turning to PF&T's argument that granting the instant motion would frustrate judicial efficiency due to the advanced stage of the underlying state court proceedings, this argument is unavailing because a trial date has not even been set in the state court case and PF&T is not even a party to the state court suit at this time. Questions regarding scheduling and the propriety of adding PF&T to the state court litigation are case management issues best left to the state court.

Genesis moved to voluntarily dismiss the Third-Party Complaint one month after the Fifth Circuit issued its mandate, which made clear that Darrow's claims will proceed in state court. Further, the no discovery has taken place in relation to the Third-Party Complaint, and the Court has not even issued a Scheduling Order in this matter. Therefore, the Court finds that PF&T has

---

[48] Rec. Doc. 59 at 1.

[49] *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. App'x 76, 78 (5th Cir. 2010) (quoting *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir.2002)).

not expended time or resources which would cause it to be prejudiced by the dismissal of this matter.

PF&T will have ample opportunity to defend itself if Genesis files a subsequent action against it. Alternatively, if PF&T is impleaded into the pending state court litigation, it is free to move that court to reopen discovery to avoid facing prejudice there. Either way the possible inconvenience of additional delays and litigation is not enough to constitute "plain legal prejudice" under Rule 42(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Reopen Case and Dismiss Third-Party Complaint Against Petroleum Fuel and Terminal Company[50] is **GRANTED**. The above-captioned matter is reopened for the limited purpose of dismissing the Third-Party Complaint against PF&T without prejudice.

**IT IS FURTHER ORDERED** that the Third-Party Complaint[51] against PF&T is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that PF&T's is Motion for Summary Judgment[52] and Genesis's Motion to Continue the Submission Date on the Motion for Summary Judgment[53] are **MOOT**.

**NEW ORLEANS, LOUISIANA**, this 2nd day of April, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[50] Rec. Doc. 59.

[51] Rec. Doc. 6.

[52] Rec. Doc. 60.

[53] Rec. Doc. 63.

9